Horace Maynard, Special J.,
delivered the opinion of the Court.
The complainants are the children and heirs, the defendants the slaves and legatees, of Lloyd Ford, de *75 ceased. A controversy at law, over Ms Will, between the same parties, ended in this Court, by establishing its validity. This was fifteen years ago, and ten years prior to the filing of the present bill. Equity is invoked to set aside the probate, on the ground of forgery recently discovered. The probate of Wills has been held by this Court to be, in its nature, a proceeding in rem, and obligatory alike upon all persons, whether parties to it or not. Whether, in this State, a Court of Equity would interfere, for any cause, to disturb such a proceeding, and especially after such a lapse of time that adverse possession would form a bar to the recovery of the real and personal estate, is a point not now either decided or considered; The case here presented, calls for no such interference. Before the question could fairly arise, it would be necessary to allege: 1st, That the newly discovered matter had not only come to the knowledge of the party after the close of the proceeding sought to be impeached, and too late to be used in connection with it; but also, that it could not have been ascertained in time by proper care and diligence. 2d, That it is of such character as to be used upon another investigation; and, 8d, That it is a new substantive, fact, and not merely new evidence, cumulative in character, in support or denial of some fact already passed upon and decided.
Neither of these things has been done in this bill. It is stated, “that within the last month they have discovered a single point of fabrication,” etc. How it was discovered; what were the circumstances under which it came to light; why it was not earlier detected, is not stated. Complainants further aver, “that they are in *76 formed, believe and charge the fact to be,” etc.; but they do not say whether the information was written or oral; and if written, whether in a form to be used as testimony; or if oral, whether from a source to become legal evidence. Possibly, and for anything in the bill to the contrary, it might have been an anonymous letter, or the statement of a person deceased, incompetent, declared infamous, or beyond the reach of the Court. The alleged new matter would, undoubtedly, have been pertinent and important, on the trial of the Will. Whether or not the genuineness of the paper was made a subject of inquiry before the jury, does not appear, from the statements of the bill. If so, the recent discovery is merely cumulative, and upon well settled principles, would not have been sufficient cause for a new trial, even while the case was pending at law. These are material and radical defects; and the bill must be dismissed on the demurrer. The costs will be paid by the complainants and their security.
The cause will be remanded, for an account of the defendants’ hire.